## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Boston Scientific Corp. and
Boston Scientific Neuromodulation Corp.,

                           Plaintiffs,

                      v.

Nevro Corp.,

                          Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Boston Scientific Corp. ("BSC") and Boston Scientific Neuromodulation Corp.

("BSNC") (collectively, "Boston Scientific"), by their attorneys, hereby complain against

Defendant Nevro Corp. ("Nevro") and alleges as follows:

## OVERVIEW OF THE ACTION

1.      This is a patent infringement action arising from Nevro's infringement of Boston

Scientific's U.S. Patent No. 6,895,280 (the "'280 patent"), U.S. Patent No. 7,428,438

(the "'438 patent"), U.S. Patent No. 7,437,193 (the "'193 patent"), U.S. Patent No. 7,587,241

(the "'241 patent"), U.S. Patent No. 7,891,085 (the "'085 patent"), U.S. Patent No. 8,019,439

(the "'439 patent"), U.S. Patent No. 8,644,933 (the "'933 patent"), U.S. Patent No. 8,646,172

(the "'172 patent"), U.S. Patent No. 8,650,747 (the "'747 patent"), and U.S. Patent

No. 9,370,664 (the "'664 patent") (collectively, the "Asserted Patents") via the manufacture, use,

sale, offer to sell, exportation, and/or importation, in whole or in part, of Nevro's Senza® Spinal

Cord Stimulation System (the "Senza System").

## THE PARTIES

2.      Plaintiff BSC is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 300 Boston Scientific Way, Marlborough, Massachusetts 01752.

3.      Plaintiff BSNC is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 25155 Rye Canyon Loop, Valencia, California 91355.  BSNC is a wholly-owned subsidiary of BSC.

4.      Upon information and belief, Defendant Nevro is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 1800 Bridge Pkwy, Redwood City, California, 94065.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, Title 35 of the United States Code.

6.      This court has subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 *et seq.*

7.      This court has personal jurisdiction over Nevro.  Upon information and belief, Nevro is a resident of this judicial district, has systematic and continuous contacts in this judicial district, regularly transacts business within this district, and regularly avails itself of the benefits of this district.  Upon information and belief, Nevro also sells and distributes the Senza System in this district.  Upon information and belief, Nevro derives substantial revenues from sales in this district.

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(c), and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,895,280

9.      Boston Scientific realleges paragraphs 1-8 above as if fully set forth herein.

10.     The '280 patent, entitled "Rechargeable Spinal Cord Stimulator System," is a valid, enforceable patent that was duly issued by the United States Patent and Trademark Office ("USPTO") on May 17, 2005 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '280 patent is attached as Exhibit A.

11.     BSNC is the assignee of the '280 patent with ownership of all substantial rights in the '280 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '280 patent.

12.     Nevro has directly infringed, and continues to directly infringe, at least claim 1 of the '280 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System.

13.     Nevro has actively induced others to infringe at least claim 1 of the '280 patent in violation of 35 U.S.C. § 271(b) by instructing others to use the Senza System.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, providing instructions on how to use the Senza System, and promoting the use of the Senza System.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '280 patent be infringed.

14.     Nevro has contributed to infringement by others of at least claim 1 of the '280 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, which are components of a patented combination and which constitute a material part of the inventions claimed in the '280 patent, including without limitation the invention in at least claim 1 of the '280 patent.  Nevro has offered to sell, sold, and/or imported the Senza System and/or one or more components of

the Senza System knowing the same to be especially made or especially adapted for use in an infringement of at least claim 1 of the '280 patent, and that the Senza System and/or one or more components of the Senza System are not staple articles or commodities of commerce suitable for substantial noninfringing use.

15.    In violation of 35 U.S.C. § 271(f)(1), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, which constitute all or a substantial portion of the components of the inventions claimed in the '280 patent, including without limitation the invention in at least claim 1 of the '280 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claim 1 of the '280 patent if such combination occurred within the United States.

16.    In violation of 35 U.S.C. § 271(f)(2), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, (i) which are especially made or especially adapted for use in the inventions claimed in the '280 patent, including without limitation the invention in at least claim 1 of the '280 patent, (ii) which are not staple articles or commodities of commerce suitable for substantial noninfringing use, and (iii) where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States in a manner that would infringe at least claim 1 of the '280 patent if such combination occurred within the United States.

17.     Upon information and belief, Nevro has had actual and constructive knowledge of the '280 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claim 1 of the '280 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

18.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,428,438

19.     Boston Scientific realleges paragraphs 1-18 above as if fully set forth herein.

20.     The '438 patent, entitled "Systems And Methods For Providing Power To A Battery In An Implantable Stimulator," is a valid, enforceable patent that was duly issued by the USPTO on September 23, 2008 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '438 patent is attached as Exhibit B.

21.     BSNC is the assignee of the '438 patent with ownership of all substantial rights in the '438 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '438 patent.

22.     Nevro has directly infringed, and continues to directly infringe, at least claim 1 of the '438 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System.

23.     Nevro has actively induced others to infringe at least claim 1 of the '438 patent in violation of 35 U.S.C. § 271(b) by instructing others to use the Senza System.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, providing instructions on how to use the Senza System, and promoting the use

of the Senza System.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '438 patent be infringed.

24.     Nevro has contributed to infringement by others of at least claim 1 of the '438 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, which are components of a patented system and which constitute a material part of the inventions claimed in the '438 patent, including without limitation the invention in at least claim 1 of the '438 patent.  Nevro has offered to sell, sold, and/or imported the Senza System and/or one or more components of the Senza System knowing the same to be especially made or especially adapted for use in an infringement of at least claim 1 of the '438 patent, and that the Senza System and/or one or more components of the Senza System are not staple articles or commodities of commerce suitable for substantial noninfringing use.

25.     In violation of 35 U.S.C. § 271(f)(1), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, which constitute all or a substantial portion of the components of the inventions claimed in the '438 patent, including without limitation the invention in at least claim 1 of the '438 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claim 1 of the '438 patent if such combination occurred within the United States.

26.     In violation of 35 U.S.C. § 271(f)(2), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System,

(i) which are especially made or especially adapted for use in the inventions claimed in the '438 patent, including without limitation the invention in at least claim 1 of the '438 patent, (ii) which are not staple articles or commodities of commerce suitable for substantial noninfringing use, and (iii) where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States in a manner that would infringe at least claim 1 of the '438 patent if such combination occurred within the United States.

27.     Upon information and belief, Nevro has had actual and constructive knowledge of the '438 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claim 1 of the '438 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

28.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,437,193

29.     Boston Scientific realleges paragraphs 1-28 above as if fully set forth herein.

30.     The '193 patent, entitled "Microstimulator Employing Improved Recharging Reporting And Telemetry Techniques," is a valid, enforceable patent that was duly issued by the USPTO on October 14, 2008 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '193 patent is attached as Exhibit C.

31.     BSNC is the assignee of the '193 patent with ownership of all substantial rights in the '193 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '193 patent.

32.     Nevro has directly infringed, and continues to directly infringe, at least claim 1 of the '193 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System.

33.     Nevro has actively induced others to infringe at least claim 1 of the '193 patent in violation of 35 U.S.C. § 271(b) by instructing others to use the Senza System.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, providing instructions on how to use the Senza System, and promoting the use of the Senza System.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '193 patent be infringed.

34.     Nevro has contributed to infringement by others of at least claim 1 of the '193 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, which are components of a patented device and which constitute a material part of the inventions claimed in the '193 patent, including without limitation the invention in at least claim 1 of the '193 patent.  Nevro has offered to sell, sold, and/or imported the Senza System and/or one or more components of the Senza System knowing the same to be especially made or especially adapted for use in an infringement of at least claim 1 of the '193 patent, and that the Senza System and/or one or more components of the Senza System are not staple articles or commodities of commerce suitable for substantial noninfringing use.

35.     In violation of 35 U.S.C. § 271(f)(1), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System,

which constitute all or a substantial portion of the components of the inventions claimed in the '193 patent, including without limitation the invention in at least claim 1 of the '193 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claim 1 of the '193 patent if such combination occurred within the United States.

36.     In violation of 35 U.S.C. § 271(f)(2), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, (i) which are especially made or especially adapted for use in the inventions claimed in the '193 patent, including without limitation the invention in at least claim 1 of the '193 patent, (ii) which are not staple articles or commodities of commerce suitable for substantial noninfringing use, and (iii) where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States in a manner that would infringe at least claim 1 of the '193 patent if such combination occurred within the United States.

37.     Upon information and belief, Nevro has had actual and constructive knowledge of the '193 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claim 1 of the '438 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

38.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,587,241

39.     Boston Scientific realleges paragraphs 1-38 above as if fully set forth herein.

40.     The '241 patent, entitled "Method For Controlling Telemetry In An Implantable Medical Device Based On Power Source Capacity," is a valid, enforceable patent that was duly issued by the USPTO on September 8, 2009 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '241 patent is attached as Exhibit D.

41.     BSNC is the assignee of the '241 patent with ownership of all substantial rights in the '241 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '241 patent.

42.     Nevro has directly infringed, and continues to directly infringe, at least claim 1 of the '241 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System.

43.     Nevro has actively induced others to infringe at least claim 1 of the '241 patent in violation of 35 U.S.C. § 271(b) by instructing others to use the Senza System.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, providing instructions on how to use the Senza System, and promoting the use of the Senza System.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '241 patent be infringed.

44.     Nevro has contributed to infringement by others of at least claim 1 of the '241 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, which are components of a patented combination and which constitute a material part of the inventions claimed in the '241 patent, including without limitation the invention in at least claim 1 of the '241 patent.  Nevro has offered to sell, sold, and/or imported the Senza System and/or one or more components of

the Senza System knowing the same to be especially made or especially adapted for use in an infringement of at least claim 1 of the '241 patent, and that the Senza System and/or one or more components of the Senza System are not staple articles or commodities of commerce suitable for substantial noninfringing use.

45.     Upon information and belief, Nevro has had actual and constructive knowledge of the '241 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claim 1 of the '241 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

46.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,891,085

47.     Boston Scientific realleges paragraphs 1-48 above as if fully set forth herein.

48.     The '085 patent, entitled "Electrode Array Assembly And Method Of Making Same," is a valid, enforceable patent that was duly issued by the USPTO on February 22, 2011 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '085 patent is attached as Exhibit E.

49.     BSNC is the assignee of the '085 patent with ownership of all substantial rights in the '085 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '085 patent.

50.     Nevro has directly infringed, and continues to directly infringe, at least claim 1 of the '085 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making in the United States the Senza System, including its leads.

51.     Nevro has actively induced others to infringe at least claim 1 of the '085 patent in violation of 35 U.S.C. § 271(b) by instructing others to make and/or import the Senza System, including its leads.  Nevro's active inducement includes, for example and without limitation, offering and contracting to purchase the Senza System, including its leads, and providing instructions on how to make the Senza System, including its leads.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '085 patent be infringed.

52.     In violation of 35 U.S.C. § 271(g), Nevro has imported and/or offered to sell, sold, and/or used within the United States, and it continues to import and/or offer to sell, sell, and/or use within the United States, the Senza System, including its leads, which is made according to the invention of at least claim 1 of the '085 patent.

53.     Upon information and belief, Nevro has had actual and constructive knowledge of the '193 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claim 1 of the '438 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

54.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 8,019,439

55.     Boston Scientific realleges paragraphs 1-54 above as if fully set forth herein.

56.     The '439 patent, entitled "Lead Assembly And Method Of Making Same," is a valid, enforceable patent that was duly issued by the USPTO on September 13, 2011 in full

compliance with Title 35 of the United States Code.  A true and correct copy of the '439 patent is attached as Exhibit F.

57.     BSNC is the assignee of the '439 patent with ownership of all substantial rights in the '439 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '439 patent.

58.     Nevro has directly infringed, and continues to directly infringe, at least claims 1, 11, and 26 of the '439 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System, including its leads.

59.     Nevro has actively induced others to infringe at least claims 1, 11, and 26 of the '439 patent in violation of 35 U.S.C. § 271(b) by instructing others to use, make, and/or import the Senza System, including its leads.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, including its leads, offering and contracting to purchase the Senza System, including its leads, providing instructions on how to make and use the Senza System, including its leads, and promoting the use of the Senza System, including its leads.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '439 patent be infringed.

60.     Nevro has contributed to infringement by others of at least claims 11 and 26 of the '439 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, which are components of a patented combination and which constitute a material part of the inventions claimed in the '439 patent, including without limitation the inventions in at least claims 11 and 26 of the '439 patent.  Nevro has offered to sell, sold, and/or

imported the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, knowing the same to be especially made or especially adapted for use in an infringement of at least claims 11 and 26 of the '439 patent, and that the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, are not staple articles or commodities of commerce suitable for substantial noninfringing use.

61.     In violation of 35 U.S.C. § 271(f)(1), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, which constitute all or a substantial portion of the components of the inventions claimed in the '439 patent, including without limitation the inventions in at least claims 11 and 26 of the '439 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claims 11 and 26 of the '439 patent if such combination occurred within the United States.

62.     In violation of 35 U.S.C. § 271(f)(2), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, (i) which are especially made or especially adapted for use in the inventions claimed in the '439 patent, including without limitation the inventions in at least claims 11 and 26 of the '439 patent, (ii) which are not staple articles or commodities of commerce suitable for substantial noninfringing use, and (iii) where such components are uncombined in whole or in part, knowing that such components are so made or

adapted and intending that such components will be combined outside of the United States in a manner that would infringe at least claims 11 and 26 of the '439 patent if such combination occurred within the United States.

63.     In violation of 35 U.S.C. § 271(g), Nevro has imported and/or offered to sell, sold, and/or used within the United States, and it continues to import and/or offer to sell, sell, and/or use within the United States, the Senza System, including its leads, which is made according to the invention of at least claim 1 of the '439 patent.

64.     Upon information and belief, Nevro has had actual and constructive knowledge of the '439 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claims 1, 11, and 26 of the '439 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

65.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### <u>COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,644,933</u>

66.     Boston Scientific realleges paragraphs 1-65 above as if fully set forth herein.

67.     The '933 patent, entitled "Techniques For Controlling Charging Of Batteries In An External Charger And An Implantable Medical Device," is a valid, enforceable patent that was duly issued by the USPTO on February 4, 2014 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '933 patent is attached as Exhibit G.

68.     BSNC is the assignee of the '933 patent with ownership of all substantial rights in the '933 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '933 patent.

69.     Nevro has directly infringed, and continues to directly infringe, at least claim 1 of the '933 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System.

70.     Nevro has actively induced others to infringe at least claim 1 of the '933 patent in violation of 35 U.S.C. § 271(b) by instructing others to use the Senza System.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, providing instructions on how to use the Senza System, and promoting the use of the Senza System.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '933 patent be infringed.

71.     Nevro has contributed to infringement by others of at least claim 1 of the '933 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, which are components of a patented combination and which constitute a material part of the inventions claimed in the '933 patent, including without limitation the invention in at least claim 1 of the '933 patent.  Nevro has offered to sell, sold, and/or imported the Senza System and/or one or more components of the Senza System knowing the same to be especially made or especially adapted for use in an infringement of at least claim 1 of the '933 patent, and that the Senza System and/or one or more components of the Senza System are not staple articles or commodities of commerce suitable for substantial noninfringing use.

72.     In violation of 35 U.S.C. § 271(f)(1), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System,

which constitute all or a substantial portion of the components of the inventions claimed in the '933 patent, including without limitation the invention in at least claim 1 of the '933 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claim 1 of the '933 patent if such combination occurred within the United States.

73.     In violation of 35 U.S.C. § 271(f)(2), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, (i) which are especially made or especially adapted for use in the inventions claimed in the '933 patent, including without limitation the invention in at least claim 1 of the '933 patent, (ii) which are not staple articles or commodities of commerce suitable for substantial noninfringing use, and (iii) where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States in a manner that would infringe at least claim 1 of the '933 patent if such combination occurred within the United States.

74.     Upon information and belief, Nevro has had actual and constructive knowledge of the '933 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claim 1 of the '933 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

75.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 8,646,172

76.     Boston Scientific realleges paragraphs 1-75 above as if fully set forth herein.

77.     The '172 patent, entitled "Electrode Array Assembly And Method Of Making Same," is a valid, enforceable patent that was duly issued by the USPTO on February 11, 2014 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '172 patent is attached as Exhibit H.

78.     BSNC is the assignee of the '172 patent with ownership of all substantial rights in the '172 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '172 patent.

79.     Nevro has directly infringed, and continues to directly infringe, at least claims 1 and 6 of the '172 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making in the United States the Senza System, including its leads.

80.     Nevro has actively induced others to infringe at least claims 1 and 6 of the '172 patent in violation of 35 U.S.C. § 271(b) by instructing others to make and/or import the Senza System, including its leads.  Nevro's active inducement includes, for example and without limitation, offering and contracting to purchase the Senza System, including its leads, and providing instructions on how to make the Senza System, including its leads.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '172 patent be infringed.

81.     In violation of 35 U.S.C. § 271(g), Nevro has imported and/or offered to sell, sold, and/or used within the United States, and it continues to import and/or offer to sell, sell, and/or use within the United States, the Senza System, including its leads, which is made according to the invention of at least claims 1 and 6 of the '172 patent.

82.     Upon information and belief, Nevro has had actual and constructive knowledge of the '172 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claims 1 and 6 of the '172 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

83.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 8,650,747

84.     Boston Scientific realleges paragraphs 1-83 above as if fully set forth herein.

85.     The '747 patent, entitled "Electrode Array Assembly And Method Of Making Same," is a valid, enforceable patent that was duly issued by the USPTO on February 18, 2014 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '747 patent is attached as Exhibit I.

86.     BSNC is the assignee of the '747 patent with ownership of all substantial rights in the '747 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '747 patent.

87.     Nevro has directly infringed, and continues to directly infringe, at least claims 1 and 11 of the '747 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System, including its leads.

88.     Nevro has actively induced others to infringe at least claims 1 and 11 of the '747 patent in violation of 35 U.S.C. § 271(b) by instructing others to use, make, and/or import the

Senza System, including its leads.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, including its leads, offering and contracting to purchase the Senza System, including its leads, providing instructions on how to make and use the Senza System, including its leads, and promoting the use of the Senza System, including its leads.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '747 patent be infringed.

89.    Nevro has contributed to infringement by others of at least claims 1 and 11 of the '747 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, which are components of a patented combination and which constitute a material part of the inventions claimed in the '747 patent, including without limitation the inventions in at least claims 1 and 11 of the '747 patent.  Nevro has offered to sell, sold, and/or imported the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, knowing the same to be especially made or especially adapted for use in an infringement of at least claims 1 and 11 of the '747 patent, and that the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, are not staple articles or commodities of commerce suitable for substantial noninfringing use.

90.    In violation of 35 U.S.C. § 271(f)(1), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, which constitute all or a substantial portion of the components of the inventions claimed in the '747 patent, including without limitation the

inventions in at least claims 1 and 11 of the '747 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claims 1 and 11 of the '747 patent if such combination occurred within the United States.

91.     In violation of 35 U.S.C. § 271(f)(2), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, including its leads and subcomponents thereof, (i) which are especially made or especially adapted for use in the inventions claimed in the '747 patent, including without limitation the inventions in at least claims 1 and 11 of the '747 patent, (ii) which are not staple articles or commodities of commerce suitable for substantial noninfringing use, and (iii) where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States in a manner that would infringe at least claims 1 and 11 of the '747 patent if such combination occurred within the United States.

92.     In violation of 35 U.S.C. § 271(g), Nevro has imported and/or offered to sell, sold, and/or used within the United States, and it continues to import and/or offer to sell, sell, and/or use within the United States, the Senza System, including its leads, which is made according to the invention of at least claims 1 and 11 of the '747 patent.

93.     Upon information and belief, Nevro has had actual and constructive knowledge of the '747 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claims 1 and 11 of the '747 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

94.     Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT X: INFRINGEMENT OF U.S. PATENT NO. 9,370,664

95.     Boston Scientific realleges paragraphs 1-94 above as if fully set forth herein.

96.     The '664 patent, entitled "Signaling Error Conditions In An Implantable Medical Device System Using Simple Charging Coil Telemetry," is a valid, enforceable patent that was duly issued by the USPTO on June 21, 2016 in full compliance with Title 35 of the United States Code.  A true and correct copy of the '664 patent is attached as Exhibit J.

97.     BSNC is the assignee of the '664 patent with ownership of all substantial rights in the '664 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  BSC is the exclusive licensee of the '664 patent.

98.     Nevro has directly infringed, and continues to directly infringe, at least claim 1 of the '664 patent in violation of 35 U.S.C. § 271(a) by, for example and without limitation, making, using, offering to sell, selling, and/or importing in and into the United States the Senza System.

99.     Nevro has actively induced others to infringe at least claim 1 of the '664 patent in violation of 35 U.S.C. § 271(b) by instructing others to use the Senza System.  Nevro's active inducement includes, for example and without limitation, marketing, selling, and offering to sell the Senza System, providing instructions on how to use the Senza System, and promoting the use of the Senza System.  Upon information and belief, Nevro has induced such infringement with the intent that one or more claims of the '664 patent be infringed.

100.    Nevro has contributed to infringement by others of at least claim 1 of the '664 patent in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing the Senza System and/or one or more components of the Senza System, which are components of a patented combination and which constitute a material part of the inventions claimed in the '664 patent, including without limitation the invention in at least claim 1 of the '664 patent.  Nevro has offered to sell, sold, and/or imported the Senza System and/or one or more components of the Senza System knowing the same to be especially made or especially adapted for use in an infringement of at least claim 1 of the '664 patent, and that the Senza System and/or one or more components of the Senza System are not staple articles or commodities of commerce suitable for substantial noninfringing use.

101.    In violation of 35 U.S.C. § 271(f)(1), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, which constitute all or a substantial portion of the components of the inventions claimed in the '664 patent, including without limitation the invention in at least claim 1 of the '664 patent, where such components are uncombined in whole or in part, and in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe at least claim 1 of the '664 patent if such combination occurred within the United States.

102.    In violation of 35 U.S.C. § 271(f)(2), Nevro has supplied and/or caused to be supplied in or from the United States, and it continues to supply and/or cause to be supplied in or from the United States, the Senza System and/or one or more components of the Senza System, (i) which are especially made or especially adapted for use in the inventions claimed in the '664 patent, including without limitation the invention in at least claim 1 of the '664 patent, (ii) which

are not staple articles or commodities of commerce suitable for substantial noninfringing use, and (iii) where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components will be combined outside of the United States in a manner that would infringe at least claim 1 of the '664 patent if such combination occurred within the United States.

103.    Upon information and belief, Nevro has had actual and constructive knowledge of the '664 patent prior to the filing of this Complaint.  Nevro has continued to infringe at least claim 1 of the '664 patent.  Nevro's infringement is reckless, knowing, deliberate, and willful.

104.    Boston Scientific has been damaged as a result of Nevro's infringing conduct and is entitled to recover damages that adequately compensate it for Nevro's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Boston Scientific respectfully requests the following relief:

A.    The entry of a judgment in favor of Boston Scientific, and against Nevro, that Nevro has infringed, induced infringement, and contributed to infringement of one or more claims of the Asserted Patents and declaring that Nevro's importing, making, using, offering to sell, and/or selling the Senza System and/or components thereof in the United States are and would be acts of infringement of one or more claims of the Asserted Patents;

B.    The entry of a judgment in favor of Boston Scientific, and against Nevro, that Nevro has willfully infringed one or more claims of the Asserted Patents;

C.    The entry of a judgment in favor of Boston Scientific, and against Nevro, that Nevro and its officers, employees, agents, attorneys, affiliates, successors, assigns and others acting in privity or concert with it be preliminarily and permanently enjoined from making,

using, offering to sell, and selling or inducing or contributing to others to make, use, offer to sell, or sell any product that infringes the Asserted Patents, including the Senza System, and from importing the same into the United States;

D.      The entry of a judgment awarding Boston Scientific damages resulting from Nevro's infringement in an amount no less than a reasonable royalty, and that such amount be multiplied based on Nevro's willful infringement;

E.      The entry of a judgment declaring that this is an exceptional case and awarding Boston Scientific its attorneys' fees in this matter pursuant to 35 U.S.C. § 285;

F.      The entry of a judgment in favor of Boston Scientific, and against Nevro, that interest, costs, and expenses be awarded in favor of Boston Scientific; and

G.      That this court order such other relief as the Court may deem just and proper.

## JURY DEMAND

Boston Scientific hereby demands trial by jury in this action on all issues so triable.


DATED:  December 9, 2016

Of Counsel:

Matthew M. Wolf
Edward Han
Marc A. Cohn
**ARNOLD & PORTER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
matthew.wolf@aporter.com
edward.han@aporter.com
marc.cohn@aporter.com

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiffs,*
*Boston Scientific Corporation and*
*Boston Scientific Neuromodulation Corp..*