IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC NEUROMODULATION CORP., <br><br> Plaintiffs, <br><br> v. <br><br> NEVRO CORP., <br><br> Defendant. | C.A. No. 16-1163-GMS |

**[CORRECTED]**
**PLAINTIFFS' NOTICE OF RELEVANT DETERMINATIONS FROM**
**RELATED PTAB PROCEEDINGS**

Plaintiffs Boston Scientific Corp. and Boston Scientific Neuromodulation Corp. ("BSC") hereby provide notice regarding recent activity in *inter partes review* ("IPR") proceedings pending before the Patent Trial and Appeal Board ("PTAB") regarding U.S. Patent Nos. 6,895,280 ("'280 Patent"), 8,646,172 ("'172 Patent"), 8,019,439 ("'439 Patent"), and 7,437,193 ("'193 Patent") filed by Defendant Nevro Corp. ("Nevro"). The '280, '172, '439, and '193 Patents are four of the eight asserted patents in the present case.

Regarding the '280 Patent, on May 30, 2018, the PTAB denied Nevro's request to submit supplemental information in the form of inventor and third party testimony taken in the present litigation. A copy of the PTAB's Decision is attached as Exhibit A.

The PTAB's decision denying Nevro's request is relevant to Nevro's pending Motion to Amend to Add Inequitable Conduct Defense (D.I.s 194, 208, and 211). Nevro argued to the PTAB that BSC was obligated to submit certain inventor testimony because it was allegedly inconsistent with BSC's prior representations and relevant to an issue before the PTAB. Exhibit A at 2-3. Nevro made the same argument in this case to support its allegation that BSC's

litigation counsel engaged in inequitable conduct by failing to submit this inventor testimony to the PTAB in the IPR proceedings. D.I. 194, Section IV.F.

The PTAB rejected Nevro's arguments and agreed with BSC that the testimony was neither inconsistent nor relevant to the IPR proceedings:

> [T]he proposed deposition testimony does not address the Holsheimer reference upon which Petitioner relied, in the Petition, as disclosing a detachable connection. *See* Pet. 56-57. Therefore, at best, the proposed deposition testimony aligns with Petitioner's argument that "many different types of leads were known in the art and could be used with the same IPG" and that "leads can be attached and detached to IPGs." *Id.* **We are not persuaded, however, that this testimony is relevant to whether the particular IPG disclosed by Holsheimer, and relied upon by Petitioner, is detachable**. As discussed in our Decision on Petitioner's Request for Rehearing, the mere fact that a feature may have been well-known in the prior art is insufficient to establish that it was present in the specific prior art reference relied on in the Petition. Paper 17 ("Dec. on Req. Reh'g"), 5.
>
> Moreover, in the Petition, Petitioner did not contend that it would have been *obvious* to have modified Holsheimer's IPG to include a detachable connection. Pet. 56-57; Paper 11, 26 n.6. As such, **the proposed testimony is not relevant to the challenges as crafted by Petition**.

Exhibit A at 4-5 (emphasis added); *see also* D.I. 208, Section IV.C. The PTAB therefore confirmed that the inventor testimony regarding what was generally known in the art was **not material** to the issue before the PTAB, which was whether a specific prior art reference—Holsheimer—disclosed a detachable connection.

Regarding the '172 and '439 Patents, on May 17, 2018 and May 30, 2018, respectively, the PTAB denied institution of all challenged claims. Copies of the PTAB's Decisions Denying Institution are attached as Exhibit B and C. There are no other IPR proceedings pending against the '172 and '439 Patents.

Regarding the '193 Patent, on May 31, 2018, the PTAB denied Nevro's request for a rehearing following the PTAB's decision to deny institution of all challenged claims. A copy of the PTAB's Decision is attached as Exhibit D. There are no other IPR proceedings pending against the '193 Patent.

The PTAB has now issued Institution Decisions regarding all ten of the IPR petitions submitted by Nevro challenging patent claims asserted in the present litigation. The PTAB has instituted review only with respect to certain challenged '280 and '241 Patent claims.[1] The PTAB has denied institution of all petitions filed against the remaining six asserted patents.

DATED: June 1, 2018

*Of Counsel:*

Matthew M. Wolf [matthew.wolf@apks.com]
Edward Han [ed.han@apks.com]
Marc A. Cohn [marc.cohn@apks.com]
William Z. Louden [william.louden@apks.com]
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000

Krista M. Carter [krista.carter@apks.com]
Edmond K. Ahadome [edmond.ahadome@apks.com]
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square | Suite 500
Palo Alto, CA 94306-2112
(650) 319-4500

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiffs,*
*Boston Scientific Corp. and*
*Boston Scientific Neuromodulation Corp.*

---

[1] The PTAB had originally instituted review of only claim 27 of the '280 Patent. D.I. 184, Ex. B-C. Following the Supreme Court's decision in *SAS Inst. Inc. v. Iancu*, 138 S. Ct. 1348 (2018), the PTAB was required to institute review of all of the '280 Patent claims challenged in the two relevant Petitions based on its determination regarding claim 27. D.I. 227, Ex. A. The PTAB's original institution decisions found that Nevro's Petition failed to carry Nevro's burden to establish a reasonable likelihood of unpatentability of the challenged claims other than claim 27 (D.I. 184, Ex. A-C); the PTAB reiterated this in denying Nevro's requests for rehearing (D.I. 209, Ex. A); and the PTAB has since made clear that it decides IPRs on the basis of the arguments and evidence presented in the Petition and that it will not permit supplementation of the record (Ex. A). Thus, there is nothing in the record to suggest that the PTAB will reverse course and find any of the other challenged claims even likely to be unpatentable.

# CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 1, 2018, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF (which will send notification that such filing is available for viewing and downloading to all registered counsel), and in addition caused true and correct copies of the foregoing document to be served upon the following counsel of record by electronic mail:

*Attorneys for Defendant Nevro Corp.:*

| | |
|---|---|
| Rodger D. Smith II | *rsmith@mnat.com* |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | |
| 1201 North Market Street | |
| P.O. Box 1347 | |
| Wilmington, DE 19899-1347 | |
| | |
| Bradford J. Badke | *jbadke@sidley.com* |
| Ching-Lee Fukuda | *clfukuda@sidley.com* |
| Sona De | *sde@sidleycom* |
| Todd M. Simpson | *tsimpson@sidley.com* |
| Ketan V. Patel | *ketan.patel@sidley.com* |
| SIDLEY AUSTIN LLP | |
| 787 Seventh Avenue | |
| New York, NY 10019 | |
| | |
| Irene Yang | *irene.yang@sidley.com* |
| SIDLEY AUSTIN LLP | |
| 555 California Street | |
| Suite 2000 | |
| San Francisco, CA 94104 | |
| | |
| Nathan A. Greenblatt | *ngreenblatt@sidley.com* |
| SIDLEY AUSTIN LLP | |
| 1001 Page Mill Road Building 1 | |
| Palo Alto, CA 94304 | |
| | |
| Sharon Lee | *sharon.lee@sidley.com* |
| Benjamin H. Huh | *bhuh@sidley.com* |
| Thomas A. Broughan III | *tbroughan@sidley.com* |
| SIDLEY AUSTIN LLP | |
| 1501 K Street, N.W. | |
| Washington, DC 20005 | |

*(Continued . . . .)*

2

| | |
|---|---|
| Michael A. Jacobs<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | *mjacobs@mofo.com* |
| Kenneth A. Kuwayti<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018 | *kkuwayti@mofo.com* |
| Bita Rahebi<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543 | *brahebi@mofo.com* |

June 1, 2018

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
Pilar G. Kraman (#5199) *[pkraman@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  302-571-6600

*Attorneys for Plaintiffs,*
*Boston Scientific Corporation*
*and Boston Scientific Neuromodulation Corp.*