# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Boston Scientific Corp. and<br>Boston Scientific Neuromodulation Corp.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>Nevro Corp.,<br><br>　　　　　　　　　　Defendant. | C.A. No. 16-1163-CFC |

## JOINT STATUS REPORT

Pursuant to the Court's September 20, 2018 Oral Order, Boston Scientific Corp. and Boston Scientific Neuromodulation Corp. ("BSC" or "Plaintiffs") and Nevro Corp. ("Nevro" or "Defendant") (collectively, the "Parties"), by and through their undersigned counsel, jointly submit this Joint Status Report.

**1.　　Nature of the Action**

This is a patent infringement litigation.  BSC alleges that Nevro has directly and indirectly infringed and continues to directly and indirectly infringe eight of BSC's U.S. patents related to spinal cord stimulation systems (the "Asserted Patents").  BSC also alleges that Nevro's infringement is willful.  BSC further alleges that this is an exceptional case and requests enhanced damages, attorneys' fees, and costs.

Nevro alleges that it has not infringed, directly or indirectly, any Asserted Patent. Nevro also alleges that the asserted claims of each of the Asserted Patents are invalid and/or unenforceable.  Nevro further alleges that this is an exceptional case under 35 U.S.C. § 285 and

requests an award of its attorneys' fees in this case and that it be awarded its interest, costs, and expenses.

## 2. Procedural Posture

BSC filed a Complaint for patent infringement on December 9, 2016 (D.I. 1) asserting ten patents. In response to Nevro's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 8), BSC filed an Amended Complaint on February 13, 2017 (D.I. 13) asserting the same ten patents. On September 1, 2017, Nevro filed a Motion For Leave To Amend Its Answer To Assert Counterclaims of trade secret misappropriation and conversion. (D.I. 65). This motion was denied without prejudice (D.I. 73) and not renewed by Nevro based on representations made by BSC. On October 13, 2017, Nevro filed a Motion For Leave To Amend Its Answer To Assert Counterclaims For Patent Infringement. (D.I. 92.) Judge Sleet denied this motion. (D.I. 126.)

On June 30, 2017, per the parties' agreement, BSC narrowed the asserted claims to forty from the eight Asserted Patents. On September 29, 2017, BSC informed Nevro that it would not pursue its infringement claims relating to the two other Asserted Patents. Judge Sleet held a *Markman* Hearing on November 28, 2017 on claim terms from the eight Asserted Patents and issued a partial claim construction order on December 28, 2017 on five disputed claim terms from two Asserted Patents (the '280 and '241 patents). (D.I. 142.) The parties have since resolved their disputes on two additional claim terms, and constructions for 24 claim terms remain in dispute. (D.I. 232.)

On February 20, 2018, Nevro filed a Motion to Amend Its Answer to Assert an Affirmative Defense and Counterclaim of Unenforceability Due to Inequitable Conduct

directed to the '280 patent. (D.I. 193-4). BSC opposed Nevro's motion. (D.I. 208). That motion is fully briefed and pending resolution. (D.I. 211)

On May 14, 2018, the Court entered a Stipulation and Order to Amend the Case Schedule (D.I. 229) to address Nevro's concerns arising from BSC's revised asserted priority dates for the '280 patent. In particular, the parties agreed to extend the schedule to allow further depositions of the named inventors of the '280 patent and for supplemental expert reports on certain issues of validity for the '280 patent. BSC further agreed to drop its assertion of claim 27 of the '280 patent. (*Id*.) Nevro reserved its right to move to strike BSC's revised priority dates. Fact discovery closed on June 1, 2018, and expert discovery was set to close on July 20, 2018. (D.I. 229.) Trial was scheduled for October 22, 2018. (D.I. 186.)

From July 21, 2017 through November 10, 2017, Nevro filed ten petitions for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board ("PTAB") against the eight Asserted Patents. (D.I. 111.) Nevro filed a motion to stay on November 3, 2017, requesting a stay pending the full resolution of the IPR proceedings. (*Id*.) The Court denied Nevro's motion on November 28, 2017 without prejudice to renew, indicating that Nevro may renew the motion following the PTAB's decisions on whether to institute review. (D.I. 127; November 28, 2017 Markman Hearing Tr. at 151:21-152:19.) Prior to *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (U.S. Apr. 24, 2018), the PTAB had instituted IPR review of Claim 27 of the '280 patent (in two consolidated petitions) and claims 1-20 of U.S. Patent No. 7,587,241 ("the '241 patent") in a third petition. The PTAB denied institution of the other challenged claims of the '280 patent, claims 8, 18, 22-24, 26 and 28-30. In the Decision on Institution, the PTAB stated: "Our factual findings and conclusions at this stage of the proceeding are based on the evidentiary record developed thus far. This is not a final decision as to the patentability

of the claim for which an *inter partes* review is instituted. Our final decision will be based on the record as fully developed during trial." After *SAS Institute*, the PTAB instituted review of challenged claims 8, 18, 22-24 and 26-30 of the '280 patent in two consolidated petitions. After institution of these petitions, BSC requested authorization from the PTAB to file a motion for summary determination that Nevro had not carried its burden of proving the unpatentability of these claims. The PTAB denied this request. The PTAB denied institution of Nevro's seven other IPR petitions.[1]

On June 12, 2018, Nevro renewed its motion to stay pending final resolution of the IPRs. (D.I. 238; June 15, 2018 Telephone Conference Tr. at 12:13-25.) On June 15, 2018, Judge Sleet requested and heard oral argument on Nevro's renewed motion and granted the motion the same day, staying the case in its entirety. (D.I. 244.) Because the hearing occurred three days after Nevro filed its renewed motion, BSC had not yet filed an opposition. The Court ordered the parties to submit a joint written status report informing the Court of the outcome of the IPRs within thirty days of the completion of PTAB proceedings. The PTAB is expected to issue its decisions by February 6, 2019.

Following the Court's order to stay the case, BSC filed a Motion For Reargument Or, In The Alternative, For Judicial Reassignment. (D.I. 247.) Nevro opposes BSC's motion. (D.I. 251.) That motion is fully briefed (D.I.s 247 and 251) and pending resolution.

At the time the Court granted Nevro's renewed motion to stay, the parties had begun expert depositions and had deposed three of the fifteen experts who have submitted reports in

---

[1] Prior to *SAS Institute*, the PTAB denied Nevro's request for rehearing in IPR2017-1812. The PTAB has since also denied Nevro's requests for rehearing in three IPR proceedings in which the PTAB declined to institute review. (IPR2017-1811, IPR2017-01831 and IPR2018-00141.) Nevro did not request rehearing in one IPR proceeding. (IPR2018-00143.) The PTAB has not yet issued decisions regarding Nevro's requests for rehearing in three IPR proceedings in which the PTAB declined to institute review. (IPR2017-00147, IPR2018-00148 and IPR2018-00175.)

this case. Additionally, the parties were preparing to exchange supplemental expert reports related to the '280 patent, to be completed within the expert discovery period that was set to close on July 20, 2018. (D.I. 229.) Nevro claims there were delays by a third party in producing documents and had therefore requested from BSC an extension for that third party discovery and supplemental expert reports related to that discovery.

### 3. Outstanding Issues and Motions

BSC's Motion for Reargument: Following the Court's order to stay the case, BSC filed a Motion For Reargument Or, In The Alternative, For Judicial Reassignment. (D.I. 247.) That motion is fully briefed (D.I.s 247 and 251) but was not ruled on by Judge Sleet. BSC respectfully requests that the Court consider this pending motion[2] and schedule a hearing as soon as practical for the Court. Nevro opposes BSC's motion. (D.I. 251.)

Claim Construction: Following Judge Sleet's partial claim construction order on five claim terms from two Asserted Patents, the Parties continued to narrow the issues in dispute by reducing the number of contested constructions. (D.I.s 133, 231.) The Parties submitted an Amended Joint Claim Chart, which includes agreed-upon constructions for two additional claim terms and identifies the 24 remaining terms with contested constructions. (D.I. 232.) When the stay is lifted, the Parties will submit a proposed case schedule that includes case events and proposed deadlines through trial, and if the Court prefers, will include a proposed date (subject to the Court's calendar) for a supplemental *Markman* Hearing to resolve any remaining contested constructions.

---

[2] Since the case has now been reassigned, BSC's requested alternative relief of immediate judicial reassignment is now moot and BSC withdraws that portion of its motion. BSC maintains its request that the Court reconsider Judge Sleet's order to stay the case.

Nevro's Motion to Amend:  On February 20, 2018, Nevro filed a Motion To Amend Its Answer to Assert an Affirmative Defense and Counterclaim of Unenforceability Due to Inequitable Conduct.  (D.I. 193-4.)  That motion is fully briefed.  (D.I.s 193-4, 208 and 211.)  BSC opposes Nevro's motion.  (D.I. 208.)  When the stay is lifted, Nevro respectfully requests that the Court consider this pending motion and schedule a hearing.

DATED: October 4, 2018

| | |
|---|---|
| YOUNG, CONAWAY, STARGATT & TAYLOR LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Karen L. Pascale* | */s/ Rodger D. Smith II* |
| Karen L. Pascale (#2903)<br>Pilar G. Kraman (#5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>kpascale@ycst.com<br>pkraman@ycst.com<br><br>Matthew M. Wolf<br>Edward Han<br>Marc A. Cohn<br>Amy DeWitt<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>(202) 942-5000<br>matthew.wolf@arnoldporter.com<br>ed.han@ arnoldporter.com<br>marc.cohn@arnoldporter.com<br>william.louden@arnoldporter.com<br><br>Krista M. Carter<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>3000 El Camino Real<br>Five Palo Alto Square \| Suite 500<br>Palo Alto, CA 94306-2112<br>(650) 319-4500<br>krista.carter@arnoldporter.com<br><br>*Attorneys for Plaintiffs* | Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com<br><br>Bradford J. Badke<br>Ching-Lee Fukuda<br>Sona De<br>Todd M. Simpson<br>Ketan V. Patel<br>Julie L. Hsia<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 839 5300<br><br>Thomas A. Broughan III<br>Sharon Lee<br>Benjamin H. Huh<br>SIDLEY AUSTIN LLP<br>1501 K. Street, N.W.<br>Washington, DC 20005<br>(202) 736-8000<br><br>*Attorneys for Defendant* |