# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC NEUROMODULATION CORP., | ) ) ) ) | |
| Plaintiffs and Counter-Defendants, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-1163-CFC-CJB CONSOLIDATED |
| NEVRO CORP., | ) ) ) | |
| Defendant and Counterclaimant. | ) ) | |

## MEMORANDUM ORDER

At Wilmington, Delaware this **19th day of May, 2021**.

**WHEREAS**, the Court has reviewed the parties' joint motion regarding discovery disputes, (D.I. 615),[1] as well as the briefing related to Plaintiffs Boston Scientific Corp. and Boston Scientific Neuromodulation Corp.'s ("BSC") request that the Court "compel [Defendant] Nevro Corp. ["Nevro"] to exercise its contractual right to facilitate discovery [i.e., gathering relevant documents from and facilitating a virtual deposition of] Andre Walker[,]" the named inventor of Nevro's asserted United States Patent No. 9,002,461 ("the '461 patent") who now lives in Thailand and no longer works for Nevro, or alternatively that the Court sanction Nevro for failing to facilitate discovery from Mr. Walker, (D.I. 601 at 1; *see also* D.I. 601; D.I. 607; D.I. 619);[2]

---

[1] This consolidated case has been referred to the Court to hear and resolve discovery disputes and protective order disputes. (Aug. 7, 2020 Docket Entry; Civil Action No. 18-644-CFC-CJB, D.I. 51 at 9)

[2] While Nevro's infringement counterclaims have recently been stayed pending *inter partes* review and any appeal, because BSC's request relates in part to a non-stayed portion

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. Nevro argues that BSC's request for discovery from Mr. Walker should be denied for three reasons: (1) it does not have a contractual right to compel Mr. Walker to appear for another deposition; (2) BSC has failed to demonstrate that Mr. Walker has any "unique knowledge"; and (3) BSC has already deposed Mr. Walker twice (once in this case). (D.I. 607) Reasons (2) and (3) are easily disposed of.

2. As to reason (2), BSC is not required to show that Mr. Walker has "unique knowledge" to obtain discovery from him, only that he has relevant knowledge. Beyond that, Mr. Walker surely would be expected to have both relevant and unique knowledge about his own personal contributions to the '461 patent, (D.I. 601, ex. 1 at 7, 10, 17-18; D.I. 607 at 2); *Amgen, Inc. v. Ariad Pharms., Inc.*, Civil Action No. 06-259-MPT, 2007 WL 1425854, at *3 (D. Del. May 14, 2007) ("Obviously, each inventor's contribution to the invention or the patent is relevant."), and it seems like he would also have some relevant knowledge about BSC's trade secret misappropriation claims, (D.I. 601, exs. 3-5, 7). Moreover, Mr. Walker's testimony about the '461 patent could be particularly important, since his only co-inventor, Jon Parker, had almost no recollection at deposition of how the '461 patent came to be. (*Id.*, ex. 2 at 201-07)

3. And as to reason (3), at the time of Mr. Walker's last deposition, the '461 patent was not asserted in this case and BSC's trade secret misappropriation claim was not at issue. So the fact that Mr. Walker has been deposed before in this case is no barrier here.

4. As for reason (1), Nevro has at least two relevant agreements with Mr. Walker: an Assignment Agreement and a Separation Agreement. (D.I. 607, exs. A-B) While

---

of the case (i.e., BSC's misappropriation of trade secrets claim), the Court will decide the issue now.

these agreements do not contain an express reference to an obligation for Mr. Walker to "testify" in legal proceedings, the Assignment Agreement requires him to "do such additional acts as [Nevro] deems necessary or desirable to . . . conduct proceedings regarding the ['461 patent] Rights, including any litigation [] proceedings[,]" (*id*., ex. A), and the Separation Agreement requires him to "give reasonable cooperation, at [Nevro's] request, in any pending or future litigation . . . with such cooperation to be at mutually convenient times[,]" (*id*., ex. B at 8). The Court has no difficulty in concluding that this broad language would enable Nevro to compel Mr. Walker to provide it with any relevant documents in his possession or to sit for a virtual deposition regarding the claims in this litigation (a litigation that, after all, is in part about Nevro's assertion of a patent on which Mr. Walker is an inventor). *See* (D.I. 619 at 1); *see also Rensselaer Polytechnic Inst. v. Apple Inc.*, Civil Action No. 1:13-CV-0633 (DEP), 2014 WL 12586845, at *3-4 (N.D.N.Y. Apr. 21, 2014) (concluding that an assignment agreement between plaintiff and a non-party, Thailand-based inventor that "did not specifically reference the obligation to testify" but that required the inventor to "do anything possible which [plaintiff] shall consider desirable for aiding in securing and maintaining proper patent protection for [the patent-in-suit]" required that the plaintiff produce the inventor for a deposition in the case); *Murata Mfg. Co. v. Bel Fuse, Inc.,* 242 F.R.D. 470, 478-80 (N.D. Ill. 2007) (finding that a foreign-based non-party inventor was required to testify at a deposition, even though his assignment agreement with the plaintiff did not include the word "testify," because the agreement at issue provided that the inventor "covenant [ed] and agree[d] ... with [plaintiff and] ... its legal representatives ... that ... [he] w[ould], whenever counsel of [plaintiff] ... shall advise that ... any proceeding in connection with [the patent-in-suit] in any country ... is lawful and

desirable ... take all lawful oaths, and do all acts necessary or required to be done for the ... enforcement and defense of [the Patent.]") (internal quotation marks and citations omitted).

5. Thus, with regard to BSC's requests for the production of documents, Mr. Walker's documents would be considered to be under the "control" of Nevro for purposes of Federal Rule of Civil Procedure 34. *See Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, Civil Action No. 15-819-LPS-CJB, 2016 WL 675553, at *1 (D. Del. Feb. 12, 2016) (citing cases); *Rensselaer Polytechnic Inst.*, 2014 WL 12586845, at *2. Therefore, Nevro is ORDERED to produce any such responsive, non-privileged documents in a timely fashion.

6. With regard to a deposition, the Court is a little unsure as to whether the contractual obligations at issue would render Mr. Walker akin to a party employee for purposes of a deposition that could be ordered pursuant to Federal Rule of Civil Procedure 30. *See Rensselaer Polytechnic Inst.*, 2014 WL 12586845, at *2-3; *Amgen*, 2007 WL 1425854, at *2. But Nevro does not argue that, under these circumstances, Rule 30's language precludes the Court from ordering that Mr. Walker's deposition occur (nor does it argue that the Court would not otherwise have the discretion to order that the deposition occur). Therefore, the Court ORDERS that Mr. Walker's virtual deposition should occur at an appropriate time in this case.[3]

7. Lastly, as to BSC's request for sanctions, it would be inappropriate to order that any sanctions be imposed before providing Nevro and Mr. Walker the opportunity to comply with their obligations in light of this Memorandum Order. So that request is DENIED without prejudice to renew.

---

[3] The parties shall further meet and confer about the appropriate timing of the deposition, in light of the stay.

8. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the document. Any such redacted version shall be submitted by no later than **May 24, 2021** for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE