IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC NEUROMODULATION CORP., <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> NEVRO CORP., <br><br> Defendant and Counterclaimant. | C.A. No. 16-1163 (CFC) (CJB) <br> CONSOLIDATED |

**NEVRO CORP.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (NO. 2) (NO WILLFULNESS)**

OF COUNSEL:

Bradford J. Badke
Ching-Lee Fukuda
Sona De
Sharon Lee
Ketan V. Patel
Julie L. Hsia
Todd M. Simpson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Michael J. Flynn (#5333)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
mflynn@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Defendant*

Thomas A. Broughan III
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8000

Nathan A. Greenblatt
SIDLEY AUSTIN LLP
1001 Page Mill Road Building 1
Palo Alto, CA  94304
(650) 565-7107

Jason P. Greenhut
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
(312) 853-7000

Erik Fountain
SIDLEY AUSTIN LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX  75201
(214) 981-3300

June 24, 2021

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ....................................................................................... 1

II.  NATURE AND STAGE OF PROCEEDINGS .................................................. 1

III. SUMMARY OF ARGUMENT .................................................................... 2

IV.  CONCISE STATEMENT OF FACTS .......................................................... 2

V.   LEGAL STANDARD ................................................................................ 2

VI.  ARGUMENT ........................................................................................... 2

VII. CONCLUSION ........................................................................................ 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*bioMerieux, S.A. v. Hologic, Inc.*,
   C.A. No. 18-21-LPS, 2020 WL 759546 (D. Del. Feb. 7, 2020)....................2, 3, 4

*Intell. Ventures I LLC v. Symantec Corp.*,
   234 F. Supp. 3d 601 (D. Del. 2017).................................................................3

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   C.A. No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24,
   2021) ...............................................................................................................3, 4

## I. INTRODUCTION

Defendant Nevro Corp. ("Nevro") did not have the requisite pre-suit knowledge of Plaintiffs' ("BSC") U.S. Patent Nos. 7,437,193 (the "'193 patent") or 8,644,933 (the "'933 Patent") for willful infringement. And, as a matter of law, BSC's Complaint cannot provide the requisite knowledge for post-suit willful infringement. Because no jury could find that any alleged infringement of the '193 and '933 patents is willful, summary judgment should be granted on the issue of willfulness.

## II. NATURE AND STAGE OF PROCEEDINGS

In December 2016, BSC brought suit alleging patent infringement of, *inter alia*, the '193 and '933 patents in C.A. No. 16-1163 ("Delaware I"). D.I. 1; D.I. 13. In 2018, the Court stayed Delaware I pending *inter partes* review proceedings on two other patents. D.I. 244. In June 2020, the Court lifted the stay on the remaining Delaware I patents and consolidated them with BSC's trade secret misappropriation claim in C.A. No. 18-644 ("Delaware II"). BSC moved to amend its infringement contentions for the remaining Delaware I patents to add new accused products. D.I. 319. Nevro did not oppose the addition of the new accused products and agreed to supplement Delaware I fact discovery on these products. D.I. 327 at 20.

### III. SUMMARY OF ARGUMENT

It is undisputed that Nevro first became aware of the '933 patent through BSC's filing of its original Complaint in Delaware I. As a matter of law, BSC's Complaint cannot provide the requisite knowledge for willful infringement. BSC alleges that Nevro had pre-suit knowledge of the '193 patent because it is cited on the face of some Nevro patents, but such evidence is insufficient to establish the requisite knowledge for willfulness. Accordingly, no jury could find that Nevro's alleged infringement of either the '193 and '933 patents is willful, and summary judgment of no willfulness should be granted.

### IV. CONCISE STATEMENT OF FACTS

The relevant facts are set forth in the separately-filed Concise Statement of Facts ("CSF").

### V. LEGAL STANDARD

"To prove willful infringement, a patentee must prove, by a preponderance of the evidence, that an accused infringer took actions, with knowledge of the patent, and with the intent of infringing the patent." *bioMerieux, S.A. v. Hologic, Inc.*, C.A. No. 18-21-LPS, 2020 WL 759546, at *11 (D. Del. Feb. 7, 2020).

### VI. ARGUMENT

Nevro lacked the pre-suit knowledge required for a finding that any alleged infringement of the '193 and '933 patents was willful. BSC does not dispute

2

that Nevro lacked pre-suit knowledge of the '933 patent. CSF, ¶¶ 3-6. BSC's only allegation of pre-suit knowledge of the '193 patent is that it is cited on the face of some U.S. patents assigned to Nevro (CSF, ¶ 2), but "[a]t summary judgment, this evidence alone is not sufficient to conclude [Nevro] had knowledge of the [asserted] patent[s] for willfulness purposes." *Intell. Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 611 (D. Del. 2017) (granting summary judgment of no willfulness where alleged pre-suit knowledge was based on citation of asserted patent on face of defendant's patents). Indeed, BSC and its expert have acknowledged that Nevro first became aware of both patents when BSC filed its original Complaint. *See* CSF, ¶¶ 4-6. Because Nevro lacked the requisite pre-suit knowledge of the '193 and '933 patents (*see id.*, ¶¶ 3-6), no jury can find that the alleged infringement of those patents was willful, and thus summary judgment of no willfulness is warranted. *See bioMerieux*, 2020 WL 759546, at *13 (granting summary judgment of no willfulness because the record "lack[ed] evidence of knowledge of the patents-in-suit until after th[e] suit was filed").

Moreover, no jury could find that Nevro willfully infringed the '193 and '933 patents after BSC filed the Complaint because "the complaint itself cannot be the source of the knowledge required to sustain claims of … willfulness-based enhanced damages." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, C.A. No. 19-1687-CFC-CJB, 2021 WL 1134687, at *3-5 (D. Del. Mar. 24, 2021) (dismissing

3

post-suit willfulness claims because defendant's knowledge of asserted patents was based solely on complaint); *see also bioMerieux*, 2020 WL 759546, at *13. BSC's Complaint cannot provide the requisite knowledge because "[t]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *ZapFraud*, 2021 WL 1134687, at *4. "The purpose of [willfulness-based] enhanced damages is to punish and deter bad actors from egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents." *Id.* Therefore, summary judgment of no post-suit willful infringement is also warranted. *See bioMerieux*, 2020 WL 759546, at *13.

## VII. CONCLUSION

Accordingly, summary judgment of no willfulness with respect to the '193 and '933 patents should be granted.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Bradford J. Badke<br>Ching-Lee Fukuda<br>Sona De<br>Sharon Lee<br>Ketan V. Patel<br>Julie L. Hsia<br>Todd M. Simpson<br>SIDLEY AUSTIN LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 839-5300 | */s/ Rodger D. Smith II*<br><br>Rodger D. Smith II (#3778)<br>Michael J. Flynn (#5333)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>mflynn@morrisnichols.com<br>ccucuzzella@morrisnichols.com<br><br>*Attorneys for Defendant* |
| Thomas A. Broughan III<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>(202) 736-8000 | |
| Nathan A. Greenblatt<br>SIDLEY AUSTIN LLP<br>1001 Page Mill Road Building 1<br>Palo Alto, CA 94304<br>(650) 565-7107 | |
| Jason P. Greenhut<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>(312) 853-7000 | |
| Erik Fountain<br>SIDLEY AUSTIN LLP<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, TX 75201<br>(214) 981-3300 | |
| June 24, 2021 | |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type, font, and word count limitations set forth in the February 18, 2020 Scheduling Order (*see* C.A. No. 18-644, D.I. 51 § 18(c)), as it was prepared with Microsoft Word, using Times New Roman, 14-point font, and contains 793 words as counted by Microsoft Word, excluding the case caption and signature block.

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 24, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Edward Han, Esquire<br>Matthew M. Wolf, Esquire<br>Marc A. Cohn, Esquire<br>William Z. Louden, Esquire<br>Chris Moulder, Esquire<br>Amy DeWitt, Esquire<br>Tara L. Williamson, Esquire<br>William Young, Esquire<br>Bridgette C. Boyd, Esquire<br>Michael E. Kientzle, Esquire<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, N.W.<br>Washington, DC  20001-3743<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

Edmond Ahadome, Esquire                          *VIA ELECTRONIC MAIL*
David A. Caine, Esquire
Michael D.K. Nguyen, Esquire
Carson D. Anderson, Esquire
Thomas T. Carmack, Esquire
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306-2112
*Attorneys for Plaintiffs*

Oscar Ramallo, Esquire                           *VIA ELECTRONIC MAIL*
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street
Forty-Fourth Floor
Los Angeles, CA  90017-5844
*Attorneys for Plaintiffs*

Philip Smithback, Esquire                        *VIA ELECTRONIC MAIL*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
*Attorneys for Plaintiffs*

Dina M. Hayes, Esquire                           *VIA ELECTRONIC MAIL*
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL  60602
*Attorneys for Plaintiffs*

| | |
|---|---|
| Michael P. Kahn, Esquire<br>Michael N. Petegorsky, Esquire<br>Brooks J. Kenyon, Esquire<br>Erica E. Holland, Esquire<br>Andrew Schreiber, Esquire<br>Svetlana Pavlovic, Esquire<br>Caitlin E. Olwell, Esquire<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park, Bank of America Tower<br>New York, NY  10036-6745<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| C. Brandon Rash, Esquire<br>Rachel J. Elsby, Esquire<br>Anthony T. Pierce, Esquire<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Robert S. Strauss Tower<br>2001 K Street, N.W.<br>Washington, DC  20006-1037<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jason Weil, Esquire<br>Matthew A. Pearson, Esquire<br>Steven D. Maslowski, Esquire<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA  19103<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)