IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOSTON SCIENTIFIC CORP. and BOSTON SCIENTIFIC NEUROMODULATION CORP.,

Plaintiffs,

v.

NEVRO CORP.,

Defendant.

Civil Action No. 16-1163-CFC
CONSOLIDATED

Brian Farnan, Michael Farnan, FARNAN LLP, Wilmington, Delaware; Michael Kahn, Caitlin Olwell, Erica Holland, Andrew Schreiber, Svetlana Pavlovic, Brooks Kenyon, AKIN GUMP STRAUSS HAUER & FELD LLP; New York, New York; Anthony Pierce, C. Rash, Rachel Elsby; AKIN GUMP STRAUSS HAUER & FELD LLP; Washington, District of Columbia; Steven Maslowski, Jason Weil, AKIN GUMP STRAUSS HAUER & FELD LLP, Philadelphia, Pennsylvania; Matthew Wolf, Edward Han, Marc Cohn, Amy DeWitt, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, District of Columbia; Dina Hayes, ARNOLD & PORTER KAYE SCHOLER LLP, Chicago, Illinois; Thomas Carmack, ARNOLD & PORTER KAYE SCHOLER LLP, Palo Alto, California

*Counsel for Plaintiff Boston Scientific Corp. and Boston Scientific Neuromodulation Corp.*

Rodger Smith, Michael Flynn, Lucinda Cucuzzella, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Bradford Badke, Ching-Lee Fukuda, Sona De, Sharon Lee, Ketan Patel, Julie Hsia, SIDLEY AUSTIN LLP, New York, New York; Thomas Broughan, SIDLEY AUSTIN LLP, Washington, District of Columbia; Erik Fountain, SIDLEY AUSTIN LLP, Dallas, Texas; Nathan Greenblatt, SIDLEY AUSTIN LLP, Palo Alto, California

*Counsel for Defendant Nevro Corp.*

# MEMORANDUM OPINION

September 20, 2021
Wilmington, Delaware

COLM F. CONNOLLY
CHIEF JUDGE

Plaintiffs Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation (collectively, Boston Scientific) accused Defendant Nevro Corporation in both the original Complaint (D.I. 1) and the operative First Amended Complaint (D.I. 13) of infringing, among other patents, U.S. Patent Numbers 7,437,193 (the #193 patent) and 8,644,933 (the #933 patent). The asserted claims of the #193 patent, titled "Microstimulator Employing Improved Recharging Reporting And Telemetry Techniques," cover certain electronic medical devices that are configured to be implanted beneath a patient's skin for tissue stimulation to prevent and/or treat various disorders. The asserted claims of the #933 patent, titled "Techniques For Controlling Charging Of Batteries In An External Charger And An Implantable Medical Device," cover technology for controlling the charging of batteries used with such devices. Boston Scientific alleges that Nevro's Senza System, a high frequency spinal cord stimulator, and Nevro's inducement of health care providers and patients to use that system infringe the asserted claims of the asserted patents. Boston Scientific also alleges that Nevro's infringement was and is willful. Pending before me is Nevro's motion for "summary judgment of no willfulness with respect to the alleged infringement" of the #193 and #933 patents. D.I. 673.

## I. LEGAL STANDARDS

### A. Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989).

### B. Willful Infringement

Section 284 of the Patent Act "gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc.*

*v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). The statute provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Although the Court in *Halo* intentionally "eschew[ed] any rigid formula for awarding enhanced damages under § 284," 136 S. Ct. at 1934, the Court held that the legal principles "developed over nearly two centuries of application and interpretation of the Patent Act . . . channel the exercise of [the district court's] discretion" and "limit[ ] the award of enhanced damages to egregious cases of misconduct beyond typical infringement," *id.* at 1935. Thus, enhanced damages awards under § 284 are available only in "egregious cases" of misconduct that involve more than "typical" infringement. *Id.* As the Court explained, the enhanced damages award provided by § 284 was "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior . . . [that] has been variously described in [the Court's] cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932.

Although "§ 284 allows district courts to punish th[is] full range of culpable behavior," *id.* at 1933, in the vast majority of patent cases filed today, claims for enhanced damages are sought based on allegations of willful misconduct—so much so that, even though the words "willful" and "willfulness" do not appear in § 284, plaintiffs and courts more often than not describe claims for enhanced

damages brought under § 284 as "willful infringement claims." Indeed, some parties and courts refer to such claims as willful infringement "causes of action" even though § 271 of the Patent Act, which creates causes of action for direct, induced, and contributory infringement, does not mention or suggest such a thing as "willful infringement."[1]

The fact that willfulness is the most common type of misconduct alleged by plaintiffs who invoke § 284 makes sense, as willful conduct "serve[s] as [the] floor for culpable behavior that may incur enhanced damages." Robert L. Harmon, Cynthia A. Homan & Laura A. Lydigsen, Patents and the Federal Circuit, § 17.3(a), at 1378 (13th ed. 2017). It also explains the Court's statement in *Halo* that enhanced damages under § 284 "should generally be reserved for egregious cases *typified* by willful misconduct." 136 S. Ct. at 1934 (emphasis added).

In assessing the egregiousness of a defendant's conduct for § 284 purposes,

---

[1] *See, e.g.*, *Välinge Innovation AB v. Halstead New Eng. Corp.*, 2018 WL 2411218, at *5 (D. Del. May 29, 2018); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1353 (W.D. Wash. 2014); *Trs. of Univ. of Pa. v. St. Jude Children's Research Hosp.*, 982 F. Supp. 2d 518, 529–30 (E.D. Pa. 2013); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012); *Inv. Tech. Grp., Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 409 (S.D.N.Y. 2010); *Powell v. Home Depot U.S.A., Inc.*, 715 F. Supp. 2d 1285, 1290 (S.D. Fla. 2010); *Dura Glob. Tech., Inc. v. Magna Donnelly Corp.*, 665 F. Supp. 2d 787, 789 (E.D. Mich. 2009); *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 691 (E.D. Va. 2000); *Heil Co. v. Hartford Accident and Indem. Co.*, 937 F. Supp. 1355, 1361 (E.D. Wis. 1996); *In re Recombinant DNA Tech. Pat. and Contract Litig.*, 850 F. Supp. 769, 771 (S.D. Ind. 1994).

"culpability is generally measured against the knowledge of the [defendant] at the time of the challenged conduct." *Id.* at 1933. The Court in *Halo* rejected the Federal Circuit's requirement announced in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc), that a patentee show "objective recklessness" in order to prove willful misconduct for § 284 purposes. *Id.* The Court reasoned that the "objective recklessness" test insulated many of the most culpable infringers from § 284's punitive sanctions because it made dispositive invalidity and non-infringement defenses asserted at trial even if the infringer had not acted on the basis of those defenses or was even aware of them. *Id.* In the Court's words: "Under that standard, someone who plunders a patent—infringing it without any reason to suppose his conduct is arguably defensible—can nevertheless escape any comeuppance under § 284 solely on the strength of his attorney's ingenuity." *Id.* Thus, the Court held that, in cases where the asserted basis for enhanced damages is willful misconduct, it is "[t]he subjective willfulness of [the] patent infringer, intentional or knowing, [that] may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.*

The Court's "intentional or knowing" clause makes clear that willful infringement is—at a minimum—knowing infringement. This standard is consistent with the Supreme Court's holding in *Global-Tech Appliances, Inc. v.*

*SEB S.A.*, 563 U.S. 754 (2011), that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Id.* at 766. Since § 284 enhanced damages are available in cases of induced infringement, *see, e.g.*, *Barry v. Medtronic, Inc.*, 2019 WL 302886, at *17 (Fed. Cir. Jan. 24, 2019); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1385 (Fed. Cir. 2013); *ACCO Brand, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1314 (Fed. Cir. 2007); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1371 (Fed. Cir. 2004), and since, under *Halo*, § 284's enhanced damages award is reserved only for egregious cases, it would seem incongruous if not illogical to require a lesser showing of culpability for enhanced damages under § 284 than for induced infringement under § 271(b). And, indeed, the Federal Circuit emphasized in *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295 (Fed. Cir. 2019) that under *Halo* enhanced damages are available only if a showing of something more than intentional or knowing infringement is made:

> As the Supreme Court stated in *Halo*, "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." While district courts have discretion in deciding whether or not behavior rises to that standard, such findings "are generally reserved for egregious cases of culpable behavior." Indeed, as Justice Breyer emphasized in his concurrence, it is the *circumstances* that transform simple "intentional or knowing" infringement into egregious, sanctionable behavior, and that makes all the difference.

*Id.* (emphasis in original) (citations omitted).[2]

## II. DISCUSSION

Nevro argues that the summary judgment it seeks is warranted because it "lacked the pre-suit knowledge required for a finding that any alleged infringement of the [#]193 and [#]933 patents was willful." D.I. 675 at 2. I agree that there is insufficient record evidence from which a rational juror could conclude that Nevro willfully infringed either patent before this suit was filed. Accordingly, I will grant Nevro's motion.

---

[2] I am aware that in *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017), the Federal Circuit held that proof that a defendant "should have known that its actions constituted an unjustifiably high risk of infringement" was enough to establish willfulness under *Halo*. In so holding, the Court expressly rejected the defendant's argument that this "'should have known' standard contradicts *Halo*." *Arctic Cat*, 876 F.3d at 1371. Two other Federal Circuit decisions issued after *Halo* held that a plaintiff can establish willfulness for § 284 purposes with proof that "the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known." *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (internal quotation marks and citations omitted), *rev'd on other grounds*, 138 S. Ct. 2129 (2018); *see also WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) (citing *Arctic Cat*, 876 F.3d at 1371) (holding that in reviewing "under the new *Halo* standard" a district court's award of enhanced damages, "we must determine whether the evidence, when viewed in the light most favorable to [the plaintiff], was sufficient to prove by a preponderance of the evidence that [the defendant] acted despite a risk of infringement that was either known or so obvious that it should have been known to [the defendant]"). All three of these cases were decided before *SRI*, and, in my view, cannot be reconciled with *Halo*. I will therefore follow *SRI*.

Boston Scientific makes two arguments in opposition to the motion. It argues first that summary judgment cannot be granted because "it is undisputed that Nevro knew about the [#]193 patent prior to the [filing of the] Complaint." D.I. 713 at 1. Knowledge of a patent, however, is not sufficient to establish willful infringement of that patent. *See Dynamic Data Techs., LLC v. Brightcove Inc.*, 2020 WL 4192613, at *5 (D. Del. July 21, 2020) ("To state a claim for enhanced damages based on willful infringement, . . . [the plaintiff] must allege not only that [the defendant] had knowledge of the asserted patents, but also that [the defendant] had knowledge of its infringement of the asserted patents."). As noted above, at a minimum, willful infringement is knowing infringement. Knowledge of a patent is not the same thing as knowledge that a product or the use of that product infringes the patent. Boston Scientific has identified no fact from which it could plausibly be inferred that Nevro knew that its Senza System or the use of that system infringed the asserted patents.

Boston Scientific's second argument is that summary judgment is precluded because "Nevro was put on notice of Boston Scientific's [#]933 and [#]193 Patents and its infringement of those patents at least as early as December 9, 2016, when Boston Scientific filed its 2016 Complaint," and "[r]ather than make any effort to design around Boston Scientific's patents, Nevro launched *two new* infringing products." D.I. 713 at 4 (emphasis in the original). But a claim for willfulness-

based enhanced damages under § 284 cannot be sustained "where the defendant's alleged knowledge of the asserted patents is based solely on the content of th[e] [operative] complaint or a prior version of th[at] complaint filed in the same lawsuit." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021).

As I explained in *Zapfraud*:

> District courts across the country are divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit.
>
> Current and recent judges of this District have also taken different views on the issue. Neither the Federal Circuit nor the Supreme Court has addressed the issue.
>
> I have held in prior opinions that the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages. *See VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willfulness-based enhanced damages claim where the plaintiff had alleged that the defendant gained "knowledge of the [patent] at least since the filing of this complaint"); *Dynamic Data Techs., LLC v. Brightcove Inc.*, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (dismissing induced infringement claims where the plaintiff had alleged that the defendant became "aware that its accused products allegedly infringe as of the filing of the Complaint"). Though not without doubts, I am "not persuaded by Plaintiff['s] contention that the requisite knowledge can be established by the filing of the Plaintiff['s] Complaint." *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1. (D. Del. 2009) (Farnan, J.).

"The purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020). ZapFraud has identified, and I know of, no area of tort law other than patent infringement where courts have allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim. The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages. I agree with Judge Andrews's statement in *Callwave Communications LLC v. AT & T Mobility LLC*, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014), that "[t]here is a benefit to society if [a] matter is resolved without a suit." As Judge Andrews observed in *Callwave*, a pre-suit notice letter could very well lead "the patent holder and the asserted infringer [to] exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed." *Id.*; *see also Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[R]equiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit. Pre-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement.").

The policies that govern our patent system make the requirement of pre-suit knowledge of the asserted patents especially warranted for enhanced damages claims. Direct infringement is a strict liability tort. Enhanced damages under § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive'

or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, —— U.S. ——, 136 S. Ct. 1923, 1932, 195 L.Ed.2d 278 (2016). "The sort of conduct warranting enhanced damages has been variously described ... as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* The purpose of enhanced damages is to punish and deter bad actors from egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents. As the Federal Circuit noted in *Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508 (Fed. Cir. 1990),

> [i]n our patent system, patent applications are secret, and patentees are authorized to sue "innocent" manufacturers immediately after their patents issue and without warning. To hold such patentees entitled to increased damages or attorney fees on the ground of willful infringement, however, would be to reward use of the patent system as a form of ambush.

*Id.* at 511.

Accordingly, in the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit. And I conclude that the operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit.

2021 WL 1134687, at *3–*4 (footnotes omitted) (alterations in the original).[3]

Boston Scientific argues that "Nevro's launch of new products with knowledge of the [#]193 and [#]933 Patents is conduct that distinguishes this case

---

[3] I noted in *Zapfraud* and repeat here that

> [n]either of these rules prevents a plaintiff from filing in the future a new lawsuit alleging that the knowledge requirement is established based on the defendant's awareness of the previous lawsuit. *Proxyconn*, 2012 WL 1835680, at *6. I do not believe that requiring a plaintiff to bring a second suit as opposed to obtaining leave to supplement its complaint pursuant to Federal Rule of Civil Procedure 15(d) will necessarily result in inefficiencies. *See* Fed. R. Civ. P. 15(d) (providing that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). The results of the first suit and estoppel doctrines would likely reduce substantially the scope of the second suit. In addition, having a second suit will avoid thorny privilege and attorney work product issues that arise when a defendant relies on the opinions of its trial counsel to form its own opinion about whether it infringes the asserted patents. *Cf. In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, ––– U.S. ––––, 136 S. Ct. 1923, 195 L. Ed. 2d 278 (2016) (en banc) (noting that "[b]ecause willful infringement in the main must find its basis in prelitigation conduct, communications of trial counsel have little, if any, relevance warranting their disclosure, and this further supports generally shielding trial counsel from the waiver stemming from an advice of counsel defense to willfulness").

2021 WL 1134687, at *4 n.4.

from *Zapfraud*." D.I. 713 at 5. But it does not explain why this discrepancy matters; and indeed, the discrepancy is the proverbial distinction without a difference.

## III. CONCLUSION

For the reasons discussed above, I find that Boston Scientific has presented insufficient evidence to support a finding that Nevro willfully infringed the #193 and #933 patents. Accordingly, I will grant Nevro's motion for summary judgment (D.I. 673).

The Court will issue an Order consistent with this Memorandum Opinion.