IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOSTON SCIENTIFIC CORP. and
BOSTON SCIENTIFIC
NEUROMODULATION CORP.,

            Plaintiffs and Counter-
            Defendants,

    v.

NEVRO CORP.,

            Defendant and
            Counterclaimant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 16-1163 (CFC) (CJB)
CONSOLIDATED

## [PROPOSED] SCHEDULING ORDER FOR NON-HATCH-WAXMAN PATENT CASES IN WHICH INFRINGEMENT IS ALLEGED

This **20**th day of May, 2022, the Court having conducted a status conference in this case, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that, for the purposes of the claims to be tried beginning on January 9, 2023, the instant Scheduling Order supersedes all prior scheduling orders that were entered in C.A. No. 16-1163 and consolidated C.A. No. 18-644;

IT IS FURTHER ORDERED that:

1.     <u>Relevant Deadlines and Dates</u>.  All relevant deadlines and dates established by this Order are set forth in the chart attached as **Exhibit A.**

2.     <u>Rule 26(a)(1) Initial Disclosures</u>.  The parties shall update their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) to reflect the issues that remain for trial in this case within five days of the date of this Order.

3.     <u>Disclosure of Asserted Claims and Infringement Contentions</u>. The parties have already served Disclosures of Asserted Claims and Infringement Contentions for the patents that remain asserted in this case.

Boston Scientific served its Sixth Amended Infringement Contentions for U.S. Patent No. 6,895,280 (the "'280 patent") on August 12, 2020 and Infringement Contentions for U.S. Patent Nos. 6,993,384 (the "'384 patent"); 7,853,330 (the "'330 patent"); and 8,682,447 (the "'447 patent") on March 19, 2020. ~~[Boston Scientific~~: The Court lifted the stay of Boston Scientific's patents during the April 13, 2022 Status Conference. 4/13/2022 Tr. at 111, 117:10-14 (Counsel for Nevro: "The Court lifted their stay.  The question of the stay against counterclaims still exists.")] ~~[Nevro: BSC's '280, '384, '330, and '447 patents are currently stayed until the Court signs a proposed order lifting the stay on BSC's patents and Nevro's counterclaim patents, which the Court instructed the parties to submit. 4/13/2022 Tr. at 111:8-15, 117:11-118:25.]~~

Nevro served its First Supplemental Infringement Contentions for U.S. Patent Nos. 10,149,978 (the "'978 patent"); 9,002,461 (the "'461 patent"); 10,420,935 (the "'935 patent"); 9,002,460 (the "'460 patent"); and 10,076,665 (the "'665 patent") (collectively, "Counterclaim patents") on May 11, 2020. ~~Nevro's Counterclaim patents are currently stayed.~~ [~~Nevro: Nevro has been trying to work with Boston Scientific to file a proposed order that would dismiss with prejudice of its counterclaims relating to the '460 patent and the '665 patent.~~]

4.   <u>Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions</u>.   Boston Scientific has already served Document Productions Accompanying Disclosure of Asserted Claims and Infringement Contentions for the '384, '330, and '447 patents.  Nevro has already served Document Productions Accompanying Disclosure of Asserted Claims and Infringement Contentions for its Counterclaim patents.

Boston Scientific has not yet completed disclosures consistent with this paragraph for the asserted claims of the '280 patent.  Accordingly, by no later than June 3, 2022, Boston Scientific shall produce to each opposing party or make available for inspection and copying the following information for the '280 patent, to the extent it has not already done so:

(a)   Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing

3

agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or each sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

(b)     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

(c)     A copy of the file history for each asserted patent;

(d)     All documents evidencing ownership of the patent rights by the party asserting patent infringement;

(e)     If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

(f)     All agreements, including licenses, transferring an interest in any asserted patent;

4

(g)    All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h)    All agreements that otherwise may be used to support the party asserting infringement's damages case;

(i)    If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such Embodying Instrumentalities; and if the party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such Embodying Instrumentalities; and

(j)    All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph. A party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5.    <u>Invalidity Contentions</u>. Boston Scientific already served its Amended Invalidity Contentions for Nevro's Counterclaim patents on November 6, 2020. Nevro has already served its Invalidity Contentions on BSC's '384, '330, and '447 patents on June 1, 2020.

Nevro has not served invalidity contentions in response to Boston Scientific's Sixth Amended Infringement Contentions for the '280 patent ~~Nevro due to the stay of that patent~~. Accordingly, by no later than June 10, 2022, Nevro shall serve on all parties its "Invalidity Contentions" for claims 21 and 26 of Boston Scientific's '280 patent, which shall contain the following information:

> (a)   The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person(s) or entity(ies) that made the use or made and received the offer, or the person(s) or entity(ies) that made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entity(ies) involved

in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)    Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)    A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

6.    Document Production Accompanying Invalidity Contentions. Per paragraph 5 of this Order, above, with the Invalidity Contentions for the '280 patent, Nevro shall produce or make available for inspection and copying:

(a)    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of

any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order;

(b)     A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c)     All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(d)     Documents sufficient to show the sales, revenue, cost, and profits for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement; and

(e)     All agreements that may be used to support the damages case of the party opposing infringement.

The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph.

7.     <u>Amendment to Contentions</u>.   Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.   Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good

cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

8. <u>Joinder of Other Parties and Amendment of Pleadings</u>. To join other parties, or to amend or supplement the pleadings, the parties must file a motion seeking leave to do so and must demonstrate good cause.

9. <u>Discovery</u>.

(a) <u>Use of Discovery</u>. The parties agree to treat the fact discovery produced in *Boston Scientific Corp. et al. v. Nevro Corp.*, C.A. No. 16-1163-CFC-CJB (D. Del.), *Boston Scientific Corp. et al. v. Nevro Corp.*, C.A. No. 18-644-CFC-CJB (D. Del.), and *Nevro Corp. v. Boston Scientific Corp. et al.*, No. 3:16-cv-06830-VC (N.D. Cal.), [Nevro: and *Nevro Corp. v. Boston Scientific Corp. et al.*, C.A. No. 21-258-CFC-CJB (D. Del.)], as produced in this case.

(b) <u>Fact Discovery Cut Off</u>. [Boston Scientific: Fact discovery related to Nevro's Counterclaim patents is complete.] All fact discovery [Boston Scientific: related to Boston Scientific's patent and trade secrets claims] in this case shall be initiated so that it will be completed on or

before [~~Boston Scientific:~~ August 12, 2022][~~Nevro: July 22, 2022~~] and

subject to the following limitations:

(c)    Document Production.    Document production shall be

completed on or before [~~Boston Scientific:~~ July 21, 2022][~~Nevro: July 1,~~

~~2022~~].

(d)    Requests for Admission.  For this additional fact discovery

period, a maximum of **10** requests for admission is permitted for each side.

(e)    Interrogatories.  For this additional fact discovery period,

a    maximum    of    [~~Boston Scientific:~~ 10    interrogatories][~~Nevro: 4~~

~~interrogatories~~], including contention interrogatories, is permitted for each

side.

(f)    Depositions.

(1)    Limitation on Hours for Deposition Discovery.  For this

additional fact discovery period, each side is limited to a total of

[~~Boston Scientific:~~ 75 hours][~~Nevro: 50 hours~~] of taking fact

testimony by deposition upon oral examination.  These limits do not

include expert depositions.

(2)    Location of Depositions.    Any party or representative

(officer, director, or managing agent) of a party filing a civil action in

this District Court must ordinarily be required, upon request, to submit

to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

10. <u>Pinpoint Citations</u>. Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

11. <u>Application to Court for Protective Order</u>. The Court entered a protective order specifying terms and conditions for the disclosure of confidential information on March 10, 2020 (C.A. No. 18-644-CFC-CJB, D.I. 73) that includes the following paragraph:

> <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>.
Per the Court's previous Order (C.A. No. 18-cv-644-CFC-CJB, D.I. 51), all such
disputes are referred to Magistrate Judge Burke.

13.    <u>Papers Filed Under Seal</u>.  When filing papers under seal,
counsel shall deliver to the Clerk an original and two copies of the papers.  A
redacted version of any sealed document shall be filed electronically within seven
days of the filing of the sealed document.

14.    <u>Hard Copies</u>.  The parties shall provide to the Court two hard
copies of all letters filed pursuant to paragraph 12 of this Order, all briefs, and any
other documents filed in support of any such letters and briefs (i.e., the concise
statement of facts filed pursuant to paragraph 20 of this Order, appendices, exhibits,
declarations, affidavits, etc.).  This provision also applies to papers filed under seal.

(a)    <u>Exhibits and Attachments</u>.  **Each** <u>**exhibit and attachment**</u>
<u>**to a letter, brief, or pretrial order shall be separated by a tab**</u>.  (Accordingly,
each brief filed in connection with a motion *in limine* in a pretrial order must
be separated by a tab.)  Each exhibit and attachment shall have page numbers
of some sort such that a particular page of an exhibit or attachment can be
identified by a page number.  The parties shall take all practical measures to
avoid filing multiple copies of the same exhibit or attachment.  The parties
should highlight the text of exhibits and attachments they wish the Court to

read.  The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

(b)    Colors of Front Covers.   The covers of briefs filed in connection with all motions except for motions *in limine* included in a pretrial order shall be as follows:

(1)    Opening brief – Blue

(2)    Answering brief – Red

(3)    Reply brief – Gray

15.    Claim Construction Issue Identification.   On or before ~~Boston~~ ~~Saturday~~ June 7, 2022 ~~(Nevro June 14, 2022)~~, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction(s) of those term(s)/phrase(s) for BSC's '280, '330, '384, and '447 patents.[1] This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than June 21, 2022.   The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to

---

[1]     The Court has already entered a Claim Construction Order on disputed claim terms for Nevro's Counterclaim patents.  *See* D.I. 551.

cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.   Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

16.    <u>Claim Construction Briefing</u>.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words on June 28, 2022.  The Defendants shall serve, but not file, their answering brief, not to exceed 8,250 words, on [Boston Scientific **July 19, 2022**][Nevro: July 12, 2022].  The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on [Boston Scientific: **August 2, 2022**][Nevro: July 19, 2022]  The Defendants shall serve, but not file, their sur-

reply brief, not to exceed 2,750 words, on [~~Boston Scientific:~~ **August 16, 2022**][~~Nevro: July 26, 2022~~]. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than [~~Boston Scientific:~~ **August 23, 2022**][~~Nevro: August 2, 2022~~], the parties shall file a Joint Claim Construction Brief. (Should the parties later stipulate or otherwise request to have this deadline extended, the parties will presumptively lose their claim construction hearing date upon the Court's granting the extension.) The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.   Disputed Constructions

    A.    [TERM 1]

        1.    Plaintiff's Opening Position
        2.    Defendants' Answering Position
        3.    Plaintiff's Reply Position
        4.    Defendants' Sur-Reply Position

    B.    [TERM 2]

        1.    Plaintiff's Opening Position
        2.    Defendants' Answering Position
        3.    Plaintiff's Reply Position
        4.    Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix. Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief. Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1584 (Fed. Cir. 1996). Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph. The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

    17.    <u>Meet and Confer Confirmation and Amended Claim Chart</u>. On or before [~~Boston Scientific~~ August 30, 2022][~~Nevro August 9, 2022~~], Delaware and lead counsel for the parties shall meet and confer and thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute. During the meet and confer, the parties shall attempt to reach agreement on any disputed terms where possible and to narrow the issues related to the remaining

disputed terms.  The parties shall file with the Amended Joint Claim Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted.  If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state, and the parties need not file an Amended Joint Claim Construction Chart.

18.  <u>Hearing on Claim Construction</u>.  Beginning at 9 00 a.m. on Nov. 23, 2022, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

19.  <u>Disclosure of Expert Testimony</u>.

(a)  <u>Expert Reports</u>.  [~~Boston Scientific~~ The parties have exchanged Opening and Rebuttal Expert reports regarding Nevro's Counterclaim patents.  Subject to Nevro's dismissal with prejudice of its counterclaims for the '460 and '665 patents the parties shall exchange Reply expert reports relating to Nevro's remaining Counterclaim patents on October 7, 2022.] [~~Nevro: The parties have previously served a number of~~

~~expert reports in this case for issues related to the asserted patent claims and trade secret claim.~~

For the sake of clarity and to update expert reports [~~Boston Scientific~~ relating to Boston Scientific's patent and trade secret claims] to take into account the additional discovery that will be produced, each party shall re-serve operative expert reports according to the schedule set forth in this paragraph. The foregoing does not preclude use of the prior served expert reports for purposes of cross-examination.

For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before [~~Boston Scientific:~~ August 26, 2022][~~Nevro: July 29, 2022~~]. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including regarding objective indicia of non-obviousness, is due on or before [~~Boston Scientific:~~ September 23, 2022][~~Nevro: August 19, 2022~~]. Reply expert reports from the party with the initial burden of proof and rebuttals regarding objective indicia of non-obviousness are due on or before [~~Boston Scientific:~~ October 7, 2022][~~Nevro: September 2, 2022~~]. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall provide the dates and times

of their experts' availability for deposition.  Depositions of experts shall be completed on or before [~~Boston Scientific~~: October 21, 2022][~~Nevro: September 16, 2022~~]

(b)   Objections to Expert Testimony.   To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

20.   Case Dispositive and *Daubert* Motions.

(a)   No Early Motions Without Leave.   All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before [~~Boston Scientific: November 4, 2022~~][~~Nevro~~: September 30, 2022].  No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court. Reply briefs for any motions under Rule 56 shall be due on or before [~~Boston Scientific: November 22, 2022~~][~~Nevro~~: October 21, 2022].  Should the parties later stipulate or otherwise request to have the reply brief deadline extended, the parties will lose their trial date upon the Court's granting the

extension, and no new trial date will be given until the dispositive motion(s) has(have) been decided.

(b) <u>Motions to Be Filed Separately.</u>  A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c) <u>Word Limits.</u>  Each party is permitted to file as many case dispositive motions as desired, provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs, regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs.  The text for each brief shall be 14-point and in Times New Roman or a similar typeface.  Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(d)    Ranking of Summary Judgment Motions.    A party that files more than one summary judgment motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question.  The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party.  If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further summary judgment motions filed by the party.

(e)    Ranking of *Daubert* Motions.    A party that files more than one *Daubert* motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question.  The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on.  The Court will review the party's *Daubert* motions in the order designated by the party.  If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further *Daubert* motions filed by the party.  If the Court denies a *Daubert* motion and the party that brought the motion does not cross examine the expert witness at

trial about the matters raised in the *Daubert* motion, the Court will reduce by an appropriate amount the time allotted to that party at trial.

(f)   <u>Concise Statement of Facts Requirement</u>.   Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[2]  A party must submit a separate concise statement of facts for each summary judgment motion.   Any party that opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended that there exists a genuine issue necessary to be litigated.

(g)   <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other

---

[2]   The party must detail each material *fact* in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire transcript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

(h)  <u>Word Limits for Concise Statement</u>.  The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must

include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(i) <u>Affidavits and Declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(j) <u>Scope of Judicial Review</u>. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather the Court will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

21. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

22.    <u>Pretrial Conference</u>.  On **December 22, 2022**, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 10 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on **December 1, 2022**.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with paragraphs 10 and 14 of this Order.

23.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, for the moving parties, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.  Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

24.    Compendium of Cases.  A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus.  The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction).  An authority that is cited only once by a party generally should not be included in the compendium.  An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

25.    Jury Instructions, Voir Dire and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on **December 1, 2022**.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

26.    Trial.  This matter is scheduled for a 9-day jury trial beginning at 8:30 a.m. on **January 9, 2023**, with the subsequent trial days beginning at 8:30 a.m.. Until the case is submitted to the jury for deliberations, the jury will be excused

each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

      27.   <u>Willfulness and Damages</u>.  Per the Court's instruction at the April 13, 2022 status conference, the trial will **not** be phased such that the issues of willful infringement and damages will be tried only if there is a finding of infringement.  *See* 4/13/22 Tr. at 109:6-7.


_____

The Honorable Colm F. Connolly
United States District Court Judge

**Exhibit A**

| Event | BSC's Proposal | Nevro's Proposal |
|---|---|---|
| Amended Initial Disclosures | 5 days from the Date of this Order | 5 days from the Date of this Order |
| Paragraph 4 Disclosures ('280 Patent) | June 3, 2022 | Same as BSC |
| Preliminary Election of Asserted Patent Claims (no more than 25 patent claims per side) [Nevro Preliminary Election of Alleged Trade Secrets (no more than 20 alleged trade secrets)] | June 3, 2022 | Same as BSC |
| Claim Construction Terms/Phrases Identification and Proposed Claim Construction of Identified Terms/Phrases[3] | June 7, 2022 | June 14, 2022 |
| Preliminary Election of Asserted Prior Art (no more than 50 invalidity grounds and 25 unique references per side) | June 10, 2022 | Same as BSC |
| Invalidity Contentions ('280 Patent) | June 10, 2022 | Same as BSC |
| Joint Claim Construction Chart | June 21, 2022 | Same as BSC |
| Claim Construction Opening Brief | June 28, 2022 | Same as BSC |
| Claim Construction Answering Brief | July 19, 2022 | July 12, 2022 |

[3]     Claim construction will be for disputed terms of the '280, '330, '384, and '447 patents only.

| Event | ~~BSC's Proposal~~ | ~~Nevro's Proposal~~ |
|---|---|---|
| Completion of Supplemental Document Production | July 21, 2022 | ~~July 1, 2022~~ |
| Claim Construction Reply Brief | August 2, 2022 | ~~July 19, 2022~~ |
| Fact Discovery Cut Off | August 12, 2022 | ~~July 22, 2022~~ |
| Claim Construction Sur-Reply Brief | August 16, 2022 | ~~July 26, 2022~~ |
| Joint Claim Construction Brief | August 23, 2022 | ~~August 2, 2022~~ |
| Opening Expert Report | August 26, 2022 | ~~July 29, 2022~~ |
| Meet and Confer Confirmation on Claim Construction | August 30, 2022 | ~~August 9, 2022~~ |
| **Claim Construction Hearing**[4] | ~~September 30, 2022~~ *November 23, 2022 subject to Court availability* 9:00 am | ~~August 30, 2022~~ ~~subject to Court~~ ~~availability~~ |
| Rebuttal Expert Report | September 23, 2022 | ~~August 19, 2022~~ |
| Reply Expert Report | October 7, 2022 | ~~September 2, 2022~~ |
| Expert Deposition Cut-Off | October 21, 2022 | ~~September 16, 2022~~ |
| Final Election of Asserted Patent Claims ~~(Name and Alleged Trade Secrets)~~[5] | ~~October 24, 2022~~ | ~~September 19, 2022~~ *November 30, 2022* |
| Final Election of Asserted Prior Art[6] | ~~October 28, 2022~~ *December 7, 2022* | ~~September 23, 2022~~ |
| *Daubert*/Case Dispositive Motions | ~~November 4, 2022~~ | September 30, 2022 |
| Answering Briefs to Case Dispositive Motions | ~~November 15, 2022~~ | October 14, 2022 |

---

[4]     Unless ordered otherwise, the Court will construe no more than 10 terms.  If the parties cannot agree on the terms, each party can pick five terms.

[5]     Limitations to be determined at Claim Construction Hearing.

[6]     Limitations to be determined at Claim Construction Hearing.

| Event | BSC's Proposal | Neuro's Proposal |
|---|---|---|
| Reply Briefs to Case Dispositive Motions | ~~November 22, 2022~~ | October 21, 2022 |
| Joint Proposed Final Pretrial Order | December 1, 2022 | ~~Same as BSC~~ |
| Proposed Voir Dire, Preliminary Jury Instructions, Final Jury Instructions, and Special Verdict Forms | December 1, 2022 | ~~Same as BSC~~ |
| **Pre-Trial Conference** | **December 22, 2022 at 10:00 AM** | **December 22, 2022 at 10:00 AM** |
| **Trial** | **January 9, 2023** | **January 9, 2023** |

3